Hinton, J.,
in delivering the opinion of the Court, said: The well-settled doctrine in the United States in regard to contracts brought about by false or fraudulent misrepresentations is this, “that a false representation of a material fact, constituting an inducement to the contract, on which the purchaser had the right to rely, is a ground for a rescission by a Court of equity, although the party making the representation was ignorant whether it was true or false; and the real inquiry is not whether the vendor knew the representation to be false, but whether the purchaser believed it to be true, and was misled by it into entering into the contract. For in such case, whether the false misrepresentation was innocently made or knowingly made, the effect is the same upon the purchaser.” (2 Minor Inst., 813; Adams on Eq., Sec. 117, n. 2, and cases cited; Grim v. Byrd, 32 Gratt., 300.) And Kerr in his book on Fraud and Mistake goes so far as to say that it is not necessary that the misrepresentation should be the sole cause of the transaction, it is enough if it may have constituted a material inducement. “If,” says he, at p. 75, “any one of the several statements, all in their nature more or less capable of leading the party to whom they are addressed to adopt a particular line of conduct, be untrue, the whole transaction is considered as having been fraudulently obtained, for it is impossible to say that the untrue statement or inducement may not have been precisely the one that turned the scale in the mind of the party to whom it is addressed. And the man who has made a false representation in respect to a material matter must, in order to be able to rely on the defense that the transaction was not entered into on the faith of the representation, be able to prove to a demonstration that it was not relied on.” In Crump v. United States Mining Co., 7 Gratt., 352, it was decided that in written proposals of sale for stock in a mining company, if the representations contained therein are false as to any material fact by which the purchasers have been misled to their injury, and in which they are presumed to have trusted to the vendors, the contract founded on such misrepresentations is void, whether the vendors knew the representations to be false at the time they were made or not, and whether made with fraudulent intent or not.
This was a .deliberate and preconcerted plan on the part of •Jeffress, Greer, and Foreman to inveigle the appellant into pur *142 chasing this land, although they well knew he could not get a good title to it, and had been informed that he would not purchase unless that could be done. In order to accomplish this they have designedly misrepresented material facts, as to which the appellant, who was at a distance, had not equal means of information with them, and for a true statement of which he had a right to rely upon them. It is a case of positive fraud, which entitles the appellant to the interposition of a Court of equity for his relief. Bigelow on Fraud, 401; Story on Eq. Jur., 192. Judgment reversed.